UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ALVIN BOONE, BRANDON HESTER, TAMMY PARKHILL, and SUSAN CHRISTNER, <br><br> Plaintiffs, <br><br> v. <br><br> ILLINOIS DEPT. OF CORRECTIONS, ILLINOIS DEPT. OF HUMAN SERVICES, ILLINOIS DEPT. OF VETERAN AFFAIRS, ILLINOIS DEPT. OF JUVENILE JUSTICE, ILLINOIS DEPT. OF CENTRAL MANAGEMENT SERVICES, and JAY R. PRITZKER, in his official capacity as GOVERNOR OF THE STATE OF ILLINOIS, <br><br> Defendants. | Case No. 21-cv-3229-JES-JEH |

## ORDER AND OPINION

This matter is now before the Court on Defendants' Motion to Reconsider (Doc. 28), the Court's November 18, 2022 Order granting Defendants' Motion to Dismiss Counts I and II, but not Counts III, IV, and V, of Plaintiffs' second amended complaint. Plaintiffs have filed a brief response (Doc. 31), failing to address all of Defendants' arguments. Notwithstanding, for the reasons set forth below, Defendants' Motion to Reconsider is DENIED.

**PROCEDURAL HISTORY**

The relevant facts are thoroughly discussed in the Court's prior order and are only summarily recounted here. The various Plaintiffs are employed by State agencies and work in congregational facilities. Plaintiffs allege that pursuant to the Defendant Governor's executive orders, the Defendant employers require that they be vaccinated against COVID-19 and

1

submit to COVID-19 testing, in violation of their Constitutional rights and state statute.

In Counts III, IV, and V, Plaintiffs challenge the June 1, 2022 Public Act 102-667 Amendment ("Amendment") to the Illinois HealthCare Right of Conscience Act ("HCRCA"), 745 ILCS 70/1 *et seq*. The Amendment provides:

> VIOLATIONS RELATED TO COVID-19 REQUIREMENTS.
>
> It is not a violation of this Act for any person or public official, or for any public or private association, agency, corporation, entity, institution, or employer, to take any measures or impose any requirements, including, but not limited to, any measures or requirements that involve provision of services by a physician or health care personnel, intended to prevent contraction or transmission of COVID- 19 or any pathogens that result in COVID-19 or any of its subsequent iterations. It is not a violation of this Act to enforce such measures or requirements. *This Section is a declaration of existing law and shall not be construed as a new enactment.* Accordingly, this Section shall apply to all actions commenced or pending on or after the effective date of this amendatory Act of the 102nd General Assembly. Nothing in this Section is intended to affect any right or remedy under federal law.

745 ILCS 70/13.5 (emphasis added). Plaintiffs assert that as the Amendment exempts Covid mitigation measures from HCRCA protections, it violates the Illinois Religious Freedom Restoration Act ("IRFRA"), the Free Exercise Clause of the U.S. Constitution and Illinois constitution, and Equal Protection under the U.S. Constitution and Illinois constitution. Plaintiffs request that the Court enjoin enforcement of the HCRCA Amendment.

Defendants respond, generally, that the Court lacks the authority to enjoin enforcement of the Amendment. Defendants advance a two-fold argument; that if the Amendment is viewed as a "repeal" of the HCRCA, this federal court has no authority to intervene in a state legislature's repeal of its laws. Secondly, if the Amendment is construed as an "interpretive aid," as the Court has viewed it in its previous Order, the Amendment has no practical effect. Defendants assert that the Amendment shows an intent not to provide Covid-related protection. That it is merely the absence of law as it not a "prohibition, directive, or command. It imposes no penalties. It

requires no actions. It faults no omissions. In short, it has no application to Plaintiffs or any other person." (Doc. 29 at 4).

Defendants assert, generally, that Plaintiffs have failed to sufficiently plead the Count III, and IV, IRFRA and free exercise claims. The IRFRA and free exercise prohibit a government substantially burdening a person's exercise of religion, unless in furtherance of a compelling governmental interest and where it is the least restrictive means of furthering that interest. 775 ILCS 35/15; *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 631 (7th Cir. 2007). Defendants assert both that Plaintiffs have not pled sufficient facts in support; and that the Amendment, as a mere absence of a law, cannot burden religious belief.

Defendants further assert that it was legal error for the Court to allow the Count V equal protection claim to proceed after finding the Amendment survived rational basis scrutiny. Defendants claim that, as this is a question of law which the Court decided, Count V should have been dismissed. (Doc. 29 at 10-11). In addition, Defendants assert the not particularly well-developed argument that Plaintiffs would not benefit even if the Amendment were found unconstitutional. This is so, as in the face of such a finding, the Illinois Legislature could "equalize down," by denying conscientious objection to all, thus alleviating any claimed inequity.

Lastly, Defendants request oral argument to address the Court's prior comment that there was some uncertainty as to whether Plaintiffs claimed that the Amendment partially repealed the HCRCA. This uncertainty is over, however, as Plaintiffs have affirmatively stated in their response that such a claim does not "make[] any sense." (Doc. 31 at 3). Still, Defendants claim oral argument is necessary to generally "provide much needed clarity regarding the scope of Plaintiffs' claims, so that they can be effectively understood and adjudicated." (Doc. 29 at 12).

While Plaintiffs assert that the Amendment merely clarifies the HCRCA, they do not address Defendants' claims that this clarification represents an absence of a law and is without substantive effect. Furthermore, Plaintiffs completely fail to address Defendants' equal protection argument. Plaintiffs do little more than stand by the second amended complaint, claiming that they have sufficiently pled that the Amendment excludes them from HCRCA protection in violation of state law and constitutional safeguards. They further argue that Defendants have failed to identify "manifest errors of law or fact" to support a motion to reconsider, and are merely reasserting previously rejected arguments.

The Court notes that, although Plaintiff Quisenberry and Defendant Illinois Department of Public Health were dismissed in the Court's prior Order, they continue to be identified in the caption of Plaintiffs' response. This Order does not address either of these former parties.

## STANDARD

Defendants assert their Motion to Reconsider under Fed R. Civ. Pro. 54(b), which "governs non-final orders and permits revision at any time prior to the entry of judgment . . . Under Rule 54(b), the Court may exercise its inherent authority to reconsider or revise its interlocutory orders." *United States for use & benefit of Sustainable Modular Mgmt., Inc. v. Custom Mech. Sys., Corp.*, No. 16-02915, 2017 WL 4405050, at *1 (S.D. Ind. Oct. 4, 2017) (internal citations omitted). "Motions to reconsider serve a limited function, to be used 'where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Davis v. Carmel Clay Sch.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc*, 906 F.2d 1185, 1191 (7th Cir. 1990)). "Motions to reconsider filed pursuant to Rule 54(b) or Rule 59(e) are for the purpose of correcting manifest

errors of law or fact or to present newly discovered evidence not available at the time of briefing, and a motion to reconsider an order under Rule 54(b) is judged by largely the same standard as a motion to alter or amend a judgment under Rule 59(e)." *Tucker v. Holding*, No. 14-1698, 2016 WL 7100652, at *1 (S.D. Ind. Dec. 6, 2016). "A court may grant a motion to reconsider where a movant demonstrates a manifest error of law or fact; however, a motion to reconsider is not an occasion to make new arguments." *Katz-Crank v. Haskett*, No. 13-00159, 2014 WL 3507298, at *2 (S.D. Ind. July 14, 2014).

## ANALYSIS

The HCRCA, the Amendment to which is the source of this controversy, was originally enacted on September 13, 1977. The purpose of the HCRCA was to prevent employers discriminating against healthcare workers who refused to provide certain services due to reservations of conscience, such as pharmacists opposed to dispensing birth control or the Plan B "morning after" pill, 745 ILCS 70/5, *Menges v. Blagojevich*, 451 F. Supp. 2d 992, 999–1000 (C.D. Ill. 2006); or participating in abortion. *Nat'l Inst. of Family & Life Advocates v. Rauner*, No.16-50310, 2017 WL 11570803 at *1 (N.D. Ill. July 19, 2017) (citing 745 ILCS 70/2). *See Vandersand v. Wal-Mart Stores, Inc.*, 525 F. Supp. 2d 1052, 1056–57 (C.D. Ill. July 31, 2007) (noting the HCRCA shields health care providers who refuse to provide legal treatment options to which they had conscience-based objections from civil liability or professional discipline.).

In June 2022, the HCRCA was amended by Public Act 102-667 to exclude protection for Covid-related conscientious objection. Plaintiffs assert that the Amendment's exclusion violates state law, the state constitution, and the U.S. Constitution. Defendants dispute this, asserting that Plaintiffs are asking the Court to give them a statutory right to resist Covid

mitigation where the Legislature has specifically declined to do so. (Doc. 29 at 2-3). Defendants assert that the Illinois Legislature clearly intended to exclude Covid-related protections when it enacted the Amendment, and this Court does not have the authority to enjoin its enforcement, whether it is viewed as a repeal or a clarification.

As to the former, Defendants argue that if the Amendment is a repeal of the HCRCA, this Court does not have the authority to prevent the Illinois legislature repealing its laws. The Court does not dispute this, and it is clear that a federal court's repeal of a state statute "would contravene our separation of powers clause…. the power to enact and repeal laws resides in the Illinois General Assembly…" *Angelo v. Moriarty*, No. 15-8065, 2016 WL 640525, at *3 (N.D. Ill. Feb. 18, 2016) (citing Ill. Const. 1970, art. II, § 1.) Defendants offer no authority, however, to support that the Illinois legislature intended to repeal the HCRCA and "[t]he primary rule of statutory construction is to ascertain and give effect to the intent of the legislature." *Price v. Philip Morris, Inc.*, 848 N.E.2d 1, 37 (Ill. 2005). Here, the plain language of the Amendment does not provide such an inference. *See* 745 ILCS 70/13.5 ("This Section is a declaration of existing law and shall not be construed as a new enactment.").

In its prior Order, the Court reviewed Illinois state law to determine the effect to be given the Amendment. In determining the meaning of a state law, "the federal courts must assume the perspective of the highest court in that state and attempt to ascertain the governing substantive law on the point in question." *Brown v. Saini*, No. 04-50408, 2005 WL 8179590, at *1 (N.D. Ill. Sept. 20, 2005); *Allstate Insurance Co. v. Menards, Inc.*, 285 F.3d 630 (7th Cir. 2002). If there is no such precedent, the federal courts are to look to the decisions of the state's intermediate appellate courts as data in ascertaining state law and are not to disregard such rulings "unless it is convinced by other persuasive data that the highest court of the state would

6

decide otherwise." *Id*. at 637.

Due to the recent date of the Amendment, there is little state caselaw construing its application, and nothing by the Illinois Supreme Court. In its prior Order, the Court cited *Glass v. Dep't of Corr.*, No. 22-0270, 2022 WL 1223641, at *2, 2022 IL App 4th 220270, where the Fourth District Appellate Court construed the Amendment as an "extrinsic aid of construction" to clarify but not change the HCRCA. The Court adopted this, finding the legislative intent of Public Act 102-667 was clear, that it was meant to clarify, not repeal, the HCRCA. (Doc. 26 at 20). Here, there is nothing to suggest the Illinois Supreme Court would, in addressing this issue, find differently than the Fourth District. As a result, there is no "persuasive data" which would cause the Court to reconsider its finding that the Amendment is only a clarification. *See Angelo*, 2016 WL 640525, at *3.

Defendants assert that even if the Amendment is found to be a clarification, it is without "substantive operation." Defendants characterize the Amendment as "a statement by the Illinois Legislature acknowledging an absence of state law; it states what the HCRCA is not." (Doc. 29 at 2). Defendants assert the Amendment is an affirmative action by the Legislature not to provide statutory protection for Covid-related conscientious objection; that it is the lack of a law. It is Defendants' position that, as the Amendment does not represent law, it can neither be enforced nor enjoined. Notably, Defendants do not any cite any case law to support this argument. Defendants posit, "if [the Amendment] did not exist, the HCRCA would remain the same—and would not authorize a lawsuit to challenge COVID mitigation measures." (Doc. 29 at 5). This is not accurate, however, as if the Amendment were stricken and its application enjoined, the unamended HCRCA, which does not contain an exception for Covid-related conscientious objection, would remain operative, as discussed below.

Here, the Court is taxed with determining whether the Amendment runs afoul of the IRFRA, free exercise, and equal protection. Defendants argue that examination of the Amendment is an intrusion into the Illinois Legislature's authority to provide, or refrain from providing, HCRCA protection to Covid-related conscientious objection. The Court, however, has both the duty and authority to determine whether a statute or amended statute offends constitutional precepts. "An act which violates the Constitution has no power and can, of course, neither build up nor tear down. It can neither create new rights nor destroy existing ones. It is an empty legislative declaration without force or vitality," leaving the provisions of the existing statute unchanged. *Frost v. Corp. Comm'n*, 278 U.S. 515, 527 (1929).

Furthermore, if the Court were to determine the Amendment violates the IFRFA, state constitution, and U.S. Constitution, it could enjoin its enforcement, in which case the HCRCA would stand unamended. Defendants assert that this would have little practical effect as the HCRCA was never meant to cover Covid-related conscientious objection, so any order of the Court would not be enforceable or have "any real or useful effect." (Doc. 29 at 6). While Defendants make a bare statement that HCRCA was never meant to apply to Covid mitigation, they do not discuss the significant fact that the Legislature which enacted the HCRCA was not the same as that which retroactively ascribed this intent to it. In fact, the enacting Legislature could not have formed this intent, as Covid was not on the horizon in 1977.

Defendants further ignore Illinois Supreme Court precedent finding "[T]he legislative intent that controls the construction of a public act is the intent of the legislature that passed that act, not the intent of the legislature that amends the act many years later." *Glass,* 2022 WL 1223641, at *3 (citing *Carmichael v. Laborers' & Retirement Board Employees' Annuity & Benefit Fund*, 2018 IL 122793, ¶ 50, 429 Ill. Dec. 677, 125 N.E.3d 383)). *See id.*:

8

> [A] subsequent legislature may change an act to achieve whatever prospective meaning or effect it desires, but courts generally give little or no weight to the views of members of subsequent legislatures about the meaning of acts passed by previous legislatures. However, while the views of a subsequent legislature cannot override the unmistakable intent of the enacting one, such views may be entitled to significant weight, particularly when the precise intent of the enacting legislature is obscure." (citing Norman J. Singer and Shambie Singer, *Post-enactment history*, 2A Sutherland Statutory Construction § 48:20 (7th ed.).

The Court determines that if it were to find the Amendment unconstitutional or in violation of the IRFRA, the Covid exemption would fall, and Plaintiffs would arguably have coverage under the HCRCA. *See Frost*, discussing the effect where a statutory Amendment is found unconstitutional:

> Here it is conceded that the statute, before the Amendment, was entirely valid. When passed, it expressed the will of the Legislature which enacted it. Without an express repeal, a different Legislature undertook to create an exception, but, since that body sought to express its will by an Amendment which, being unconstitutional, is a nullity and, therefore, powerless to work any change in the existing statute, that statute must stand as the only valid expression of the legislative intent.

278 U.S. at 526-27. *See also Caterpillar, Inc. v. Usinor Industeel*, 393 F. Supp. 2d 659, 685 (N.D. Ill. 2005) ("The law in force is the law as it was before the adoption of the unconstitutional Amendment."); *Barr v. Am. Ass'n of Political Consultants, Inc.*, 140 S. Ct. 2335, 2353 (2020).

The Court does not find that the Amendment represents the absence of law as Defendants suggest. This is so, as Plaintiffs arguably had HCRCA recourse prior to the Amendment and would have it again if the Amendment were struck down. Plaintiffs have stated a colorable claim that the Amendment violates state and Constitutional protections and is amendable to action by this Court. This is sufficient, at the pleadings stage.

Defendants also claim that Plaintiffs did not adequately plead a burdening of their religious beliefs, and the Court erred in allowing these allegations to proceed without such a

9

showing. Defendants assert that Plaintiffs failed to adequately state a claim where they alleged that the Amendment forced them to choose between adhering to their conscience and facing discipline by their employers. It is well established, however, that Plaintiffs are not required to prove their claims in the pleadings, and it is enough if the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Here, the Court does not find error in its prior Order and finds Plaintiffs have sufficiently pled their Count III and IV challenges to the Amendment. Defendants' motion to reconsider as to these Counts is denied.

As to Count V, Defendants assert that it was legal error for the Court to allow the equal protection claim to proceed. The Fourteenth Amendment Equal Protection Clause prohibits a state making or enforcing a law that denies any individual the equal protection of the laws and U.S. Constitution. "This is 'essentially a direction that all persons similarly situated should be treated alike.'" *Halgren v. City of Naperville*, 577 F. Supp. 3d 700, 751–52 (N.D. Ill. 2021), *aff'd sub nom. Lukaszczyk*, 47 F.4th 587 (quoting *St. Joan Antida High Sch. Inc. v. Milwaukee Pub. Sch. Dist.*, 919 F.3d 1003, 1008 (7th Cir. 2019)). An equal protection violation occurs either where "a regulation draws distinctions among people based on a person's membership in a 'suspect' class" or where there is a "denial of a fundamental right." *Id.* at 752 (finding that vaccination status neither implicates a suspect class nor fundamental right). If neither suspect class nor fundamental right is at issue, the appropriate standard of review is rational basis. *Id.* at 753. *See Heller v. Doe by Doe*, 509 U.S. 312 (1993) (finding that a statute survives rational basis review "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.").

In its prior Order, the Court denied Plaintiff's equal-protection-based request for injunctive relief, finding Plaintiffs had failed to establish one of the necessary elements; that they had some reasonable likelihood of success on the merits. (Doc. 26 at 24). *See Planned Parenthood of Ind. & Ky., Inc. v. Comm'r of Ind. State Dep't of Health*, 896 F.3d 809, 816 (7th Cir. 2018). In making this finding, the Court applied a rational basis standard, the appropriate standard in considering challenges to Covid mitigation. *See Vill. of Orland Park v. Pritzker*, 475 F. Supp. 3d 866, 886, (N.D. Ill. 2020) (applying rational-basis review to the Governor's Covid containment executive orders); *Cassell v. Snyders*, 458 F. Supp. 3d 981, 999 (N.D. Ill. 2020) (same); *Troogstad v. City of Chicago*, 576 F. Supp. 3d 578, 584 (N.D. Ill. 2021) (applying rational basis standard of review to due process challenge to COVID-19 vaccine mandates), *aff'd sub nom. Lukaszczyk v. Cook Cnty.*, 47 F.4th 587 (7th Cir. 2022) (*cert. denied*, 2023 --- S.Ct. ----, 2023 WL 192006 (Mem) (January 17, 2023)). Under this standard, the Court found Plaintiffs had failed to establish that the Amendment was not "rationally relate[d] to a legitimate state interest;" and the Amendment was not rendered unconstitutional merely because it "works a hardship on a particular individual . . ." *DeSalle v. Wright*, 969 F.2d 273, 275-76 (7th Cir. 1992).

Defendants assert however, that when the Court denied the requested injunctive relief on equal protection grounds, this amounted to a finding of law and "it was legal error to not dismiss Count V after finding that rational basis review was satisfied." (Doc. 29 at 10-11). Defendants cite a single case, *Muscarello v. Ogle County Bd. of Com'rs*, 610 F.3d 416, 423 (7th Cir. 2010), where the Appellate Court stated, in the context of an equal protection but not injunctive relief analysis, that an equal protection challenge "raises a pure question of law." This ignores, however, that the Court did not make a finding as to the merits of the underlying equal protection claim. It merely found that under a rational basis analysis, Plaintiffs had not established enough

11

for the requested, extraordinary relief to issue. The Court found, in essence, there was less than "some likelihood" of success on the merits. The Court did not find that there was "no likelihood" of success and expressly stated so in the Order. (Doc. 26 at 23-24). Defendants cite no case law to support the specious argument that a finding as to the likelihood of success in an injunctive relief analysis amounts to a final ruling of law on the merits.

Defendants offer the additional argument that where a statute results in an unconstitutional disparity, the Illinois Legislature is "free to equalize downward," by eliminating the benefit the statute provides, thus eliminating the inequity. *See* (Doc. 29 at 11-12) (citing *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 771 (7th Cir. 2020)). There, the Seventh Circuit upheld the District Court's denial of injunctive relief to the Illinois Republican Party which had asserted that the Governor's 50-person cap on public meetings, which allowed an exemption for religious but not political gatherings, violated the First Amendment. There, the Court stated "We conclude with some final thoughts. . . If there were a problem with the religious exercise carve-out (and we emphasize that we find no such problem), the State would be entitled to return to a regime in which even religious gatherings are subject to the mandatory cap. This would lead to Republicans no better off than they are today." (Internal citation omitted).

While Defendants rely on this statement, it appears to be mere dicta and not a holding in the case. Furthermore, there is a distinction between this case and *Illinois Republican Party*, as the Court here has found that if the Amendment were stricken, the HCRCA would survive in its original form and would provide Plaintiffs protection from employer-mandated Covid mitigation. As there would be a real potential benefit to Plaintiffs, Defendants are wrong in their claim that striking down the Amendment would "leave[] Plaintiffs no better off." (Doc. 29 at 12).

As previously noted, Defendant have requested oral argument, in part, to flesh out whether Plaintiffs believe that the Amendment serves to partially repeal the HCRCA. As Plaintiffs disavow this in their response, it is no longer an issue. Defendants' additional reason, that oral argument is needed to provide clarity to Plaintiffs' claims, is denied. "Rule 8(a) of the *Federal Rules of Civil Procedure* requires that a complaint contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' This 'short and plain statement' must be enough 'to give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (citing *Twombly,* 550 U.S. 544. "[T]he factual allegations in the complaint 'must be enough to raise a right to relief above the speculative level.' Although this does 'not require heightened fact pleading of specifics,' it does require the complaint to contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 618. Plaintiffs have pled their claims clearly enough that Defendants are on fair notice of the allegations against them.

As noted, a Rule 54(b) motion to reconsider is largely judged by the same standard as a Rule 59(e) motion to alter or amend a judgment *Tucker*, 2016 WL 7100652, at *1, which requires the movant identify a manifest error of law or fact. *Katz-Crank*, 2014 WL 3507298, at *2. The Court finds no such error in its previous order. Defendants' Motion to Reconsider is DENIED in its entirety.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Reconsider (Doc. 28), is DENIED.

Entered this 3rd day of February, 2023.

s/James E. Shadid
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE
